IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-06-CR-057 LY |
| | § | |
| LEVAR MARCEL ROLAND | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 6, 2015, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On September 11, 2006, the Defendant was sentenced to 140 months imprisonment, followed by four years of supervised release, for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The sentence was subsequently reduced to 72 months of imprisonment. Roland commenced his initial term of supervision on November 1, 2011. Within four months of beginning supervision, Roland was arrested and charged with another drug trafficking crime, again involving the sale of crack cocaine. As a result of those events, on March 28, 2012, Roland's supervision was revoked, and he was sentenced to 14 months of imprisonment, and four years of supervised release. Dkt. Nos. 69, 70. On March 19, 2013, Roland was released from custody and

began his second term of supervision.  On December 4, 2014, another revocation proceeding was held as a result of Roland failing to report for several months, and committing a new offense for driving with an invalid license.  Roland's supervision was again revoked, and he was sentenced to 30 days of imprisonment and two years of supervised release.  Dkt. Nos. 88, 89.  He began his third term of supervision on December 20, 2014.

Initially, Roland complied with his conditions, complying with the home confinement program, and finding employment.  On April 1, 2015, however, Roland was arrested by Austin Police and charged with driving without a license, and possession of a controlled substance.  The affidavit in support of a warrant for the POCS charge indicates that an informant indicated that he obtained crack cocaine from Roland, and subsequently arranged to purchase crack from Roland on April 1, 2015.  Officers conducted surveillance, and stopped Roland when they saw him driving, as they were aware he had no license.  A search of the vehicle resulted in the discovery of 0.2 grams of crack cocaine.  Roland also had $2,440 in his pocket.  Roland was arrested on April 1, 2015, and was released on a bond on April 3, 2015.  He did not, however, notify his probation officer of the new arrest as required.  On April 8, 2015, the Probation Office filed its petition, alleging Roland had violated his conditions by committing two new offenses.  The Court issued a warrant on that same day.  Roland was arrested on the warrant on April 28, 2015.  The state charge for POCS remains pending.

On May 6, 2015, Roland and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing.  At the hearing, the

Government amended the petition to add an allegation that the Defendant violated his conditions by failing to notify probation of his arrest in a timely manner.  The Defendant pled "True" to the allegations that he had committed the new offense of DWLI, and that he had failed to notify the Probation Office of his arrest.  He pled "Not True" to the allegations regarding the new POCS charge, as that charge remains pending in state court.

## FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11.     The Defendant violated conditions of his supervised release by (1) committing the misdemeanor offense of driving with an invalid license; and (2) failing to report his new arrest to the Probation Office.

12.     With regard to the POCS allegation, applying the preponderance of the evidence standard applicable to revocation hearings, the Court finds it more likely than not that Roland did in fact possess the 0.2 grams of cocaine found in the car at the time of his arrest. This is not, however, intended to be a finding regarding Roland's guilt or innocence on this charge, as that is to be determined by the state court pursuant to the beyond a reasonable doubt standard of proof.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.

The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a V, resulting in an (advisory) guideline range of 18-24 months of imprisonment. As noted, Roland originally served 72 months of imprisonment, and after his first revocation was sentenced to an additional 14 months. On the second revocation he served an additional one month. In all, he has served 87 months of imprisonment on this case. Given this, and given that the Court will leave it to the state court to impose on Roland the punishment it deems appropriate for the new POCS charge, the undersigned RECOMMENDS that the Defendant be sentenced to 7 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of May, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE